UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-20291-BLOOM
(Case No. 21-cr-20215-BLOOM)

RAMON ALBERTO CARABALLO-RODRIGUEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

**ORDER**

**THIS CAUSE** is before the Court on Movant Ramon Alberto Caraballo-Rodriguez's *pro se* Motion Under 28 U.S.C. § 2255, ECF No. [1]. In the Motion, Movant challenges the sentence the Court imposed in case number 21-cr-20215-BLOOM. *See generally id.* After carefully reviewing the record, the Court concludes that the Motion is untimely and, thus, must be summarily dismissed. *See* Rule 4(b) of the Rules Governing § 2255 Proceedings.

**I.    BACKGROUND**

A grand jury charged Movant in an indictment with one count of conspiring to possess a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States (Count 1) and one count of possessing a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States (Count 2). *See* CR ECF No. [6] at 1-2.[1] Pursuant to a plea agreement, Movant, on September 21, 2021, pleaded guilty to Count 1 of the Indictment in exchange for the dismissal of Count 2. *See* CR ECF No. [38]; CR

---

[1] References to docket entries in Movant's criminal case, case number 21-20215-CR, are denoted with "CR ECF No."

Case No. 24-cv-20291-BLOOM

ECF No. [43] at 1. The Court entered its Judgment on November 30, 2021, *see generally* CR ECF No. [66], and then an Amended Judgment on December 6, 2021, *see generally* CR ECF No. [68].

## II.     LEGAL STANDARDS

### A. Summary Dismissal under Rule 4(b) of the Rules Governing § 2255 Proceedings

Rule 4(b) of the Rules Governing § 2255 Proceedings states that a § 2255 Motion to Vacate can be summarily dismissed if "it plainly appears from the face of the motion and any annexed exhibits . . . that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quotation marks omitted). The Eleventh Circuit has explained "[b]oth a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner [or movant] is 'not entitled to relief'" thereby authorizing the Court to *sua sponte* dismiss the case. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (quoting Rule 4 of the Rules Governing § 2255 Proceedings); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citation omitted)).

### B. Timeliness under 28 U.S.C. § 2255(f)

Under 28 U.S.C. § 2255(f), a movant must file his § 2255 motion within a one-year period that runs "from the latest of" the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When a movant does not appeal his judgment of conviction, the conviction becomes final once the fourteen-day window to file an appeal closes. *See Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." (citing *United States v. Dayton*, 981 F.2d 1200, 1203 (11th Cir.1993))); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of [] the judgment").

### III.     DISCUSSION

#### A.     The Amended Motion is Untimely

Movant does not assert that an unconstitutional State-created impediment to filing his Motion existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. Accordingly, the Court measures the timeliness of the Motion from the remaining trigger, the date Movant's judgment of conviction became final.

Movant's judgment became final on December 30, 2021, after the fourteen days to file an appeal elapsed. *See Akins*, 204 F.3d at 1089 n. 1; Fed. R. App. P. 4(b)(1)(A); *see also* Fed. R. Civ. P 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . ."). Movant, therefore, had until December 30, 2022, to file a § 2255 motion. *See Griffith v. Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event"). Movant filed the instant Motion on January 19, 2024—385 days after the deadline.[2] *See* ECF No. [1-1] at 16. Thus, the Motion is untimely.

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison

### B.  Equitable Tolling

"If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be equitably tolled").[3] A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence," and under the extraordinary-circumstance prong, a movant must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267 (quotation marks and citations omitted).

Movant does not argue that he is entitled to equitable tolling; instead, he claims that the Motion is timely filed. *See* ECF No. [1] at 10. Nevertheless, Movant does argue that his counsel was ineffective for purportedly telling him that he could not file an appeal. *See* ECF No. [1] at 5. Even if Movant had acknowledged that his Motion is untimely and argued that he was entitled to equitable tolling on the ground his attorney misadvised him, the Court's timeliness conclusion would remain unchanged because "a garden variety claim of attorney negligence . . . does not warrant equitable tolling." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1181 (11th Cir. 2021); *Helton v.*

---

authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[3] Movant does not mention the actual innocence exception to the bar on untimely habeas motions, nor does his Motion suggest that he intended to raise this exception. *See generally* ECF No. [1]; *McQuiggin v. Perkins*, 569 U.S. 383 (2013) (discussing actual-innocence exception).

*Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001) ("[A]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling[.] (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000))); *Faircloth v. Raemisch*, 692 F. App'x 513, 523 (10th Cir. 2017) ("[The petitioner]'s attorney's incorrect advice regarding AEDPA's statute of limitations does not amount to the type of extraordinary circumstances entitling him to equitable tolling.").[4]

### C.   Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Consequently, a certificate of appealability is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Ramon Alberto Caraballo-Rodriguez's Motion Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DISMISSED** without prejudice as it is time-barred.[5]

---

[4] Movant references his inability to speak English and the challenges that caused when communicating with his attorney. *See* ECF No. [1] at 12. Even if Movant were to argue that his inability to speak English is what prevented him from filing a timely § 2255 motion, a § 2255 movant's inability to speak English is not a sufficiently extraordinary circumstance to warrant equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005)

[5] Should Movant disagree with the Court's timeliness analysis, he may file a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure which must be filed within twenty-eight days of this Order's issuance. *See Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) ("Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of

Case No. 24-cv-20291-BLOOM

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith; thus, Movant is not entitled to appeal *in forma pauperis*.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 6, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ramon Alberto Caraballo-Rodriguez, *PRO SE*
21154-069
Jessup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jessup, Georgia 31599

---

the judgment. Rule 59(e) allows courts to alter judgments only where there is newly-discovered evidence or manifest errors of law or fact." (quotation marks and citations omitted)).